Memorandum: The admission to the allegations of the petition was made by the Law Guardian and not by respondent personally. Further, the court did not ascertain through allocution that respondent admitted to the acts alleged in the petition, that he voluntarily waived his rights to a fact-finding hearing, and that he was aware of the possible dispositional orders (see, Family Ct Act § 321.3). Accordingly, the court should not have accepted the admission (see, Matter of Tina P., 135 AD2d 1105). (Appeal from order of Erie County Family Court, Sedita, J.—juvenile delinquency.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.

■ In the Matter of MICHELLE K., a Person Alleged to be in Need of Supervision.

Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER WEISSER, Appellant.

Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GRAHAM, Appellant. (Appeal No. 1.)

Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GRAHAM, Appellant. (Appeal No. 2.)

Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SIMMONS, Appellant.